IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| PHILLIP MICHAEL PRIDGEN | * |
| Plaintiff | * |
| v. | *   Civil Action No: WDQ-08-2826 |
| DEPARTMENT OF PUBLIC WORKS, et al., | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff initiated suit on October 24, 2008. His Complaint alleges both race and disability discrimination. However, his EEOC charge mentioned only disability discrimination. See **Exhibit 1** (Plaintiff's EEOC filing). Defendants therefore will focus only on Plaintiff's American with Disabilities Act ("ADA") claim.

Plaintiff was hired by Baltimore County as a Laborer II. Most of the job concerned driving trucks like that used for snowplowing. See **Exhibit 2** (job description). His first day of work was November 13, 2007.

Prior to the first day of work, all Baltimore County prospective employees are required to undergo a physical.[1] Plaintiff's exam occurred on October 12, 2007. He went to Baltimore County's contractor, Occupational Medical Services. Plaintiff was required to fill

---

[1] Congress has added to the workload of the federal district courts by regulating even pre-employment physicals. 42 U.S.C. §12112(d)(3)(A); 29 C.F.R. §1630.14(b). Plaintiff does not challenge Baltimore County's right to condition employment on a physical.

out and complete a brief questionnaire. All information is sworn to be the truth. Plaintiff checked only a past history of kidney trouble. See **Exhibit 3**.

On December 5, 2007, while salting the roadway, Plaintiff was in an accident, colliding with another vehicle. See **Exhibit 4** (accident report). Plaintiff filed a Workers' Compensation claim in connection with that matter. Baltimore County received notice that Plaintiff had filed six previous Workers' Compensation claims, all between January 2004 and December 2007. See **Exhibit 5**. Plaintiff did not disclose this information during his pre-employment physical. He was fired the next day. The reason was he made a false statement. See **Exhibit 6** (Baltimore County workplace rules and regulations) at Rule 15, Regulation 15.04 0-5. See also *Hunter v. American West*, 2007 WL 895092 at *6 (W.D. Wash. 2007) ("Defendant asserts that Plaintiff was not rehired because of his failure to disclose his prior heart condition in his pre-employment medical questionnaire. This is a legitimate, non-discriminatory reason for Defendants' action.").

In filing his charge with the EEOC, Plaintiff tried to justify his non-disclosure by stating that he has trouble "seeing small letters, vision at a distance." See **Exhibit 1** at 3. In short, what the Plaintiff is seeking is known as "retroactive accommodation" by excusing misconduct and it is unavailing. *Office of Senate Sergeant at Arms v. Office of Senate Fair Employment Practices*, 95 F. 3d 1102, 1107 (Fed. Cir. 1996). This was discussed extensively in the well-regarded *Burch v. Coca-Cola Co.*, 119 F. 3d 305, 320 n. 14 (5th Cir. 1997).[2]

---

[2] *Burch* is rather comprehensive and involved whether the employer was required to accept conduct of drunkenness by an alcoholic.

Further, "it is well-established that an employee can be terminated for violations of valid work rules that apply to all employees, even if the employee's violations occurred under the influence of a disability." *Pernice v. City of Chicago*, 237 F. 3d 783, 785 (7th Cir. 2001). See also *James v. Service Source, Inc.*, 555 F. Supp. 2d 628, 636 (E.D. Va. 2008) ("The Court of Appeals for the Fourth Circuit has consistently held that an employer is free to discharge a disabled person for misconduct, even if the misconduct was related to his disability.").

Moreover, "it is axiomatic that the County must have known about his condition before it can be liable for discriminating against him because of that condition." *Kozisek v. County of Seward, Neb.*, 539 F. 3d 930, 936 (8th Cir. 2008). The Plaintiff here never told Baltimore County about his inability to read small print, never requested an accommodation, failed to meet Baltimore County's legitimate job expectations and therefore cannot state a cause of action under the ADA, *Siefken v. Village of Arlington Heights*, 65 F. 3d 664, 667 (7th Cir. 1995). See also *Hammel v. Eau Galle Cheese Factory*, 407 F. 3d 852, 865 (7th Cir. 2005) ("We agree with the trial judge's conclusion that it is irrelevant whether it was Hammel's vision impairment or his refusal to take the proper care that caused him to bump into his co-workers . . . for whatever the cause he has demonstrated his inability to perform the essential tasks of the job and is not a qualified individual within the meaning of the ADA.").

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court grant their Motion for Summary Judgment.

_____
JEFFREY GRANT COOK
Assistant County Attorney
Baltimore County Office of Law
400 Washington Avenue, 2nd Flr.
Towson, MD 21204
410-887-4420
*Attorney for Defendants*